*Jacob Johnson et al* v. *Garret Quackenbush et al.* N. Hill, Jun. for complainants ; J. Rhoades, for defendant Lawrence. Application by complainants to open an order to close the proofs, and also for an order extending the time to produce witnesses for forty days. The complainants entered an order to produce proofs and served it on the agent of the defendants' solicitor on the 16th of April, 1845. The defendant Lawrence, on the last day allowed by the rule for that purpose, applied for and obtained an order extending the time to take proofs, for sixty days. This order was entered on the 5th of July, 1845, and was immediately served upon the register as the agent of complainants' solicitor, About forty days after the expiration of the sixty days allowed by this order, the defendant Lawrence entered an order to close the

proofs in the cause. The complainants' counsel insisted that by the practice of the court they had 120 days after the 5th of July, 1845, to produce witnesses, because the order of that date extending the time was served on their agent, and not upon the solicitors personally.

The chancellor decided that the entry of the order to close the proofs, after the expiration of the 60 days to which the time to take proofs was extended by the order of the 5th of July, was regular.

That although the 15th rule declares that where the service of a notice or paper is upon an agent, or through the post office, it must be double the time necessary for a personal service on the solicitor, that the service of an order merely enlarging the time to produce proofs does not come within its provisions. *In what cases service upon an agent will not give the party served double time.*

That where the object of a paper or notice is to restrict the rights of the opposite party, if he does not act upon it within the time required by the practice of the court after such service, the 15th rule gives him double the ordinary time if the service is made upon his agent or through the post office. The legal presumption, in such cases, being that the delay in obtaining actual notice of the service of the paper or notice will render more time necessary to do the act required than in case of a personal service on the solicitor. But no such presumption can arise where the notice or paper served enlarges instead of restricting the time which the party has to do the act required. *Where the paper served enlarges the time instead of restricting it.*

That the original order to produce proofs in this case required the defendants to do so within forty days after service of notice thereof, and that as the service of the order restricted the right which was before unlimited, and that service being upon the agent, the defendants had double the time, or twice forty days, to produce testimony before an order could be entered to close the proofs. That the right to enter an order to close the proofs being reciprocal, under the provisions of the 68th rule, neither party could enter such an order, upon that service, until after the expiration of the 80 days.

That as the order of the 5th of July did not require either

party to produce witnesses within a specified time after *service* of that order, but merely extended the time which had been previously restricted to the 5th of July, to sixty days from that time, whether the order was served personally or upon the agent of the complainants' solicitors, the time of such extension is to be restricted to the 60 days allowed by the order of the court.

Order directing the order to close the proofs to be so far opened as to permit either party, within sixty days, to examine witnesses to prove the time of the death of Alida Quackenbush ; with costs to the defendants for opposing this motion to be taxed.